UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CROWELL,

        Plaintiff,

v.

        Case No.  15-10690
        District Judge Arthur J. Tarnow
        Magistrate Judge R. Steven Whalen

BADAWI ABDELLATIF,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

On February 23, 2015, Plaintiff Richard K. Cromwell ("Plaintiff"), a Michigan Department of Corrections ("MDOC") inmate currently housed at the Macomb Correctional Facility, filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983. Before the Court is Defendant Badawi Abdellatif's ("Defendant's") Motion to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss [Doc. #20], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

### I.  FACTS

In his complaint, Plaintiff alleges that he has been and continues to be denied medical care for his long-standing and serious conditions, which he enumerates as "(1) severe chronic pain stemming from spinal stenosis, osteoarthritis, bone spurring,

degenerative disc disease, painful tumors, untreated irritable bowels syndrome and mistreated gastrointestinal disease, (2) delayed sleep syndrome, sleep apnea, restless leg syndrome, (3) painful tumors, (4) irritable bowel syndrome, (5) gastrointestinal disease." *Complaint* [Doc. #1], pg. 5, ¶ 3 (Affidavit).

On March 18, 2015, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP"), without prepaying fees or costs [Doc. #4]. On May 22, 2015, Defendant filed the present motion to revoke IFP status and to dismiss pursuant to § 1915(g) and Fed. R. Civ.P. 12(b)(1), based on Plaintiff having had three prior complaints dismissed for failure to state a claim. Those three cases are *Crowell v. Richard Snyder,* Case No. 14-216 (W.D. Mich November 19, 2014); *Crowell v. State of Michigan, et al.,* Case No. 14-198 (W.D. Mich. October 10, 2014); and *Kevin King, Richard Cromwell, et al. v. Mary Berghuis, et al.,* Case No. 10-57 (W.D. Mich. February 13, 2010). Plaintiff does not dispute that the complaints in these three cases were dismissed, but states that two of the cases are pending on appeal to the Sixth Circuit.

## II.   LEGAL PRINCIPLES

28 U.S.C. § 1915(g) provides as follows:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

To fall within the "imminent danger" exception to the statute, "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 Fed.Appx. 796, 797 (6th Cir. 2008), quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). In other words, "the imminent danger must be contemporaneous with the complaint's filing." *Gresham v. Jenkins*, 2015 WL 3403942, *3 (E.D. Mich. 2015), citing *Vandiver v. Vasbinder*, 416 Fed.Appx. 560, 562 (6thCir. 2011). In *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 587 (6th Cir. 2013), the Sixth Circuit held that "a plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g)...."

### III.  DISCUSSION

Plaintiff posits three reasons why the Court should deny Defendant's motion to revoke his IFP status: (1) a dismissed case cannot be considered a "strike" while it is pending on appeal; (2) even if he has three strikes, he continues to be in imminent danger; and (3) § 1915(g) is unconstitutional.

Arguments (1) and (3) are easily disposed of. In *Coleman v. Tollefson*, 733 F.3d 175, 177-78 (6th Cir. 2013), the Court held that a prior, dismissed case counts as a strike notwithstanding that it is pending on appeal.[1] And in *Wilson v. Yaklich*, 148 F.3d 596, 602-606 (6th Cir. 1998), *cert. den.* 525 U.S. 1139 (1999), the Sixth Circuit upheld the

---

[1] In so holding, the Sixth Circuit rejected contrary opinions from the Fourth, Fifth, Eighth, and Tenth Circuits. *Id*. at 178.

constitutionality of § 1915(g), rejecting claims that the statute violated the due process, equal protection, ex post facto, and bill of attainder provisions of the constitution.

Plaintiff's second argument–that he faces imminent danger as of the filing of the complaint–is more substantial. In his complaint, he clearly alleges that he continues to be denied treatment for chronic pain caused by various spinal conditions, including bone spurring, spinal stenosis, and degenerative disc disease. He thus alleges ongoing denial of treatment, not merely past inattention to his medical conditions. *Vandiver v. Prison Health Services, supra*. In addition, "a medical need may be serious if it causes pain." *Cooper v. Casey,* 97 F.3d 914, 916-17 (7th Cir.1996). In *Harris v. Beard*, 2007 WL 404042, *2 (M.D.Pa. 2007), the plaintiff alleged chronic pain due to back or spine maladies. Notwithstanding its use of double negatives, the court declined to apply § 1915(g), stating, "Based upon the allegations as set forth, it cannot be found that Plaintiff is not under imminent danger of serious physical injury." In *Freeman v. Collins*, 2011 WL 1397594, *6 (S.D. Ohio 2011), the court rejected a three-strikes challenge where the plaintiff alleged that he suffered from continuing "severe/chronic neck, chest, and shoulder pain," and was denied an increase in his pain medication. *See also Ciarpaglini,* 352 F.3d at 330 ("[H]eart palpitations, chest pains, labored breathing, choking sensations, and paralysis in ... legs and back" resulting from a denial of medication were serious physical injury).

I conclude that an allegation of untreated severe and chronic pain stemming from an underlying medical condition, including spinal pathology, sufficiently states a claim of

"imminent danger of serious physical injury" for purposes of § 1915(g). In this case, Plaintiff's complaint establishes that claim, and he therefore falls within the exception to the three-strikes rule.

## IV. CONCLUSION

I recommend that Defendant's Motion to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss [Doc. #20] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen (14) days after service of an objection, the opposing

party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled ad "Response to Objection #1," "Response to Objection #2," etc.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 15, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 15, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen
